# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 01-5330**  **September Term, 2002**
00cv02495

**Filed On: October 29, 2002** [710480]

Christine M. Niedermeier,
    Appellant

   v.

The Office of Max S. Baucus, United States Senator,
    Appellee

**BEFORE:**    Edwards, Sentelle, and Henderson, Circuit Judges

## O R D E R

    Upon consideration of the motion for summary affirmance; the court's order filed June 27, 2002, directing appellant to file her opposition to the motion for summary affirmance and her motion for summary reversal within seven days; appellant's motions for extension of time to file her opposition and motion for summary reversal lodged on July 2, July 10, and July 25, 2002, the opposition to the July 25 motion for extension of time, and the reply; the opposition and motion for summary reversal lodged on July 25, 2002; the amended opposition and motion for summary reversal lodged on August 2, 2002; the motion to strike the amended opposition and motion for summary reversal, the opposition thereto, and the reply; the motions for leave to exceed the page limits for the pleadings lodged on July 25 and August 2, 2002, the oppositions thereto, and the replies; the emergency motions to place documents under seal, the oppositions thereto, and the replies; the motions to strike the motions to seal and the oppositions thereto; the motion for leave to file errata to certain pleadings, the lodged errata, and the opposition to the motion for leave to file errata, it is

    **ORDERED** that the motion for leave to file errata be granted.  The Clerk is directed to file the lodged errata.  It is

    **FURTHER ORDERED** that the motions for extension of time to file appellant's opposition to the motion for summary affirmance and her motion for summary reversal be denied.  The Clerk is directed to return the opposition and motion for summary reversal lodged on July 25, 2002.

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT
___

**No. 01-5330**                                            **September Term, 2002**

    As an initial matter, the motions for extension of time are untimely because they were not filed at least three business days before the July 5 due date for the opposition and motion for summary reversal.  See Fed. R. App. P. 26(a)(2); D.C. Cir. Rule 27(h)(1).  Moreover, appellant has not shown good cause for the requested extensions.  See Fed. R. App. P. 26(b).

    An appellant normally has thirteen days to file an opposition to a motion for summary affirmance served by mail, which opposition may be combined with a motion for summary reversal under D.C. Cir. Rule 27(c).  See Fed. R. App. P. 27(a)(3)(A); D.C. Cir. Rule 26(c).  When the court ordered appellant to file her opposition and motion for summary reversal within seven days, she had already had more than two months to prepare her filing.  Appellant -- who is an attorney -- certainly should have been able to finish her opposition and motion for summary reversal within the additional seven days allotted by the prior panel, regardless of the one-day closure of the law library for July 4.  Indeed, the seven-day period was extended to eight days because it ended on the July 4 holiday.  Moreover, while her mother's poor health is unfortunate, the court considered this circumstance when it denied appellant's original motion for an extension of time and ordered her to file her opposition and motion for summary reversal within seven days.  And to the extent that her mother's condition has worsened, appellant has not shown why this change warrants an additional twenty days (on top of the two months she had prior to the court's ruling on her original motion, and the seven days after), when she was only entitled to thirteen days to begin with.  Finally, the filing lodged on July 25 is overlong, impermissibly incorporates by reference appellant's district court filings, and is not even the final version of her opposition and motion for summary reversal (which was lodged on August 2).  Thus, we deny appellant's motions for extension of time and direct the Clerk to return the opposition and motion for summary reversal lodged on July 25.  It is

    **FURTHER ORDERED** that the motion to strike the amended opposition and motion for summary reversal lodged on August 2, 2002, be granted.  The amended filing is untimely, and it is not made timely by the fact that it responds to an intervening motion, as the intervening motion merely concerned the contents of the already-untimely original.  It is

    **FURTHER ORDERED**, on the court's own motion, that the appeal be dismissed for lack of prosecution.  See D.C. Cir. Rule 38.  The court warned appellant that failure to comply with the order directing her to file her opposition and motion for summary reversal within seven days would result in dismissal of the appeal.  However, despite this warning and a total of more than two and a half months to prepare her opposition and motion for summary reversal, appellant failed to comply with the court's order and failed to establish good cause for her non-compliance.  We therefore dismiss the appeal for lack of prosecution.  It is

# United States Court of Appeals
#### For The District of Columbia Circuit

---

**No. 01-5330**                                            **September Term, 2002**

      **FURTHER ORDERED** that the motion for summary affirmance and the motions for leave to exceed the page limits be dismissed as moot.  It is

      **FURTHER ORDERED** that the motions to place documents under seal, the oppositions thereto, and the replies be returned to the parties in light of the return of the opposition and motion for summary reversal lodged on July 25 and the striking of the amended opposition and motion for summary reversal lodged on August 2.  It is

      **FURTHER ORDERED** that the motions to strike the motions to seal be dismissed as moot.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**
